# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

### THE CHICAGO CONSOLIDATED TRACTION COMPANY

*v.*

### THE VILLAGE OF OAK PARK.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. SPECIAL ASSESSMENTS—*what does not render ordinance unreasonable and oppressive.* Improper inclusion in a paving and curbing ordinance for an improvement estimated to cost nearly $20,000, of an item amounting to less than $30 for constructing a combined curb and gutter where a good curb and gutter already existed, does not render the ordinance so unreasonable and oppressive as to require a reversal of the judgment of confirmation.

2. SAME—*ordinance construed as not including improvement of curb at terminal street.* An ordinance defining the eastern limits of an improvement as the west curb line of a certain street does not include the improvement of any portion of the roadway or curb of such terminal street.

3. SAME—*items "intersecting streets" and "street intersections" construed.* An ordinance for the paving of a certain east and west street, together with all *street intersections* within the north and south lines of such street, and for the construction of a combined curb and gutter upon each side of all *intersecting streets* for cer-

tain distances, includes the improvement of those streets only which intersect the street to be paved within the termini of the improvement, and does not include the street whose west curb line is the easternmost terminus of the improvement.

4. SAME—*when ordinance fixing datum for grade need not be proved.* In the absence of proof to the contrary, it will be presumed from a paving ordinance fixing a grade with reference to the town or city datum that such datum has theretofore been established by the municipality, and it is not essential to the *prima facie* case that the ordinance fixing such datum be introduced in evidence.

5. SAME—*when rulings on testimony cannot be considered on appeal.* Alleged errors as to the admission of testimony with reference to the distribution of the cost of a local improvement between the public and the property benefited cannot be considered on appeal, since the statute makes final the county court's determination of the question of such distribution.

6. SAME—*what item of cost is illegal.* In levying a special assessment for a street improvement a municipal corporation has no power to include an item to pay the expense of maintaining the board of local improvements. (*Betts* v. *City of Naperville,* 214 Ill. 380, followed.)

7. SAME—*when inclusion of illegal item of cost does not vitiate entire assessment.* The inclusion in a special assessment of an illegal item of cost does not invalidate the entire assessment, where the amount of such item is definitely fixed so that it may be deducted and the assessment reduced proportionately against the property.

APPEAL from the County Court of Cook county; the Hon. FRANK HARRY, Judge, presiding.

WILLISTON FISH, (JOHN A. ROSE, of counsel,) for appellant.

FREDERICK W. PRINGLE, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Appellee, the village of Oak Park, filed its petition in the county court of Cook county praying that steps be taken to levy a special assessment, in accordance with the provi-

sions of an ordinance theretofore passed by said village, for the improvement of Lake street from the center line of Sixty-fourth avenue to the west curb line of Austin avenue, and Humphrey avenue from the southerly line of Lake street to the south line of North boulevard, in the village of Oak Park, by curbing, grading, and paving with brick, constructing concrete combined curb and gutter, and constructing, connecting and adjusting catch-basins and manholes. An assessment roll was made and returned into court, together with the certificate and affidavits required by the statute. Appellant, Chicago Consolidated Traction Company, appeared and filed a number of objections to the confirmation of the assessment against its property. The legal objections were overruled, and a jury being waived the cause was heard by the court upon the question of benefits. The finding upon this question was in favor of the petitioner. After overruling a motion for a new trial and a motion in arrest of judgment the court entered judgment confirming the assessment as to the property of appellant. The record of the proceedings in the county court is brought to this court for review by appeal.

Lake street, in the village of Oak Park, runs east and west. It is intersected by Austin avenue, Sixty-fourth avenue, and other streets and avenues running north and south. The improvement contemplated by the ordinance in question for Lake street extends east from the center line of Sixty-fourth avenue to the west curb line of Austin avenue.

It was admitted by counsel for the village, upon the hearing of legal objections, that there now exists, in good condition and constructed under ordinances of the village of Oak Park, a combined curb and gutter extending from the west curb line of Austin avenue west along the north curb line of Lake street a distance of twenty-two feet, and a combined curb and gutter extending from the west curb line of Austin avenue west along the south curb line of Lake street a distance of seventeen feet; also a combined curb and gutter

extending from the north curb line of Lake street north along the west curb line of Austin avenue a distance of twenty-one feet, and a combined curb and gutter extending from the south curb line of Lake street south along the west curb line of Austin avenue a distance of twenty-one feet.

It is first urged by appellant that the ordinance for the improvement is unreasonable, oppressive and void because it provides for the construction of a combined curb and gutter on each side of the roadway of Lake street and on the west side of Austin avenue at the intersection with Lake street, without excepting those portions of Lake street and Austin avenue where it was admitted a combined curb and gutter, in good condition, now exists. Appellee concedes that the twenty-one feet of combined curb and gutter on the north side of Lake street and the seventeen feet of curb and gutter on the south side of that street were improperly included by the ordinance in the improvement, but contends,— and, as we think, rightly so,—that the ordinance does not provide for the construction of a curb or a combined curb and gutter on the west side of Austin avenue.

The ordinance defines the eastern limits of the improvement as the west curb line of Austin avenue. The engineer of the board of local improvements, on cross-examination by appellant, testified that the curb line of a street is the roadway face of the curb, and appellant contends that the improvement therefore extends to the eastern or roadway face of the curb on Austin avenue, and necessarily includes that curb. Even though the use of the term "curb line" means the roadway face of the curb, yet we think it is apparent from an examination of the ordinance in this case that the improvement does not include the construction of a curb on the west side of Austin avenue. The ordinance for the improvement provides "that Lake street, together with all street intersections within the north and south lines of said Lake street from the center line of Sixty-fourth avenue to the west curb line of Austin avenue * * * be im-

proved by curbing, grading and paving the same with a brick pavement and a concrete combined curb and gutter," etc., the provision in regard to the curb and gutter being, that "a granite concrete combined curb and gutter shall be constructed * * * upon each side of all intersecting streets produced between said points, from the street line to the curb line of said Lake street," etc. The expressions "street intersections" and "intersecting streets," as used in this ordinance, evidently refer to those streets whose roadways intersect Lake street at some point within the limits of the improvement, as the improvement of the roadway is the principal object sought to be accomplished by the ordinance and the construction of a combined curb and gutter is but incidental to that improvement. Austin avenue is not an intersecting street within that meaning of the term, as no part of the roadway of that avenue is included in the improvement. This view finds support in the fact that the only curb provided for by the ordinance is one combined with a gutter. Such gutter on the west side of Austin avenue would necessarily have to be placed east of the line which appellant contends forms the eastern boundary of the improvement, and it clearly cannot be included within the terms of the ordinance. Considering the various provisions of the ordinance, we are satisfied that the ordinance does not contemplate, and the improvement does not include, the construction of a curb on the west side of Austin avenue.

The thirty-nine feet of curb and gutter on Lake street, however, are within the terms of the ordinance. The cost of constructing the combined curb and gutter was estimated by the engineer at seventy cents per lineal foot. The cost of constructing the thirty-nine feet improperly included in the improvement would therefore amount to $27.30. The total estimated cost of the improvement is $19,310, of which $1646.85 is assessed against the property of appellant. Appellant's proportion of this $27.30 would therefore be less than $2.45. We consider this amount too trifling to render

the ordinance unreasonable, oppressive and void or to require a reversal of the case.

The testimony of the engineer, to the effect that his estimate did not include the thirty-nine feet of curb and gutter in question, was improperly admitted, but its admission was not prejudicial to appellant.

The ordinance provides that the grade of the improvement shall be the grade established by the president and board of trustees of the village of Oak Park by ordinance passed on May 29, 1902. That ordinance, which was introduced in evidence by appellee, established a base or datum for the grades and levels of the village of Oak Park, and provided that in all cases where grades have not been established by the president and board of trustees the natural surface of the prairie shall be and is the established grade. The ordinance also contained a proviso that all grades theretofore established by the town of Cicero (formerly embracing the territory now occupied by the village of Oak Park) should be and remain the established grades of the village of Oak Park unless and until otherwise established by the president and board of trustees of the village of Oak Park. Appellee also introduced in evidence a certified copy of a portion of an ordinance passed by the town of Cicero establishing the grade of the intersections of Lake street with Austin avenue, Sixty-fourth avenue and the intermediate streets and avenues at a certain number of feet above "town datum." It is objected that it does not appear what the "town datum" is or where it can be found, and that the ordinance of the town of Cicero purporting to establish the grade is meaningless. A town, village or city datum is a certain monument or object, of a permanent character, which has been adopted by the municipality as a base or starting point for the grades and levels of the municipality. In the absence of proof to the contrary it will be presumed from an ordinance fixing a grade with reference to the town datum that such datum has theretofore been established by

the municipality, and it is not essential in making out a *prima facie* case, where it is necessary to show the grade of the street or improvement and the ordinance fixing that grade refers to the town datum, to introduce the ordinance establishing the town datum.

Complaint is also made of the admission of testimony in reference to the distribution of the cost of the improvement between the public and the property benefited. Section 553 of chapter 24, after imposing upon the court in which the proceeding is pending the duty of inquiring, in a summary way, whether the assessment as made and returned is an equitable and just distribution of the cost of said improvement between the public and the property benefited, where objection or motion is made for that purpose, provides: "The determination of the court as to the correctness of the distribution of the cost of the improvement between the public and the property to be assessed, shall be conclusive, and not subject to review on appeal or writ of error." A consideration of the rulings of the court in regard to the admission of testimony of which complaint is made would call in question the determination of the court upon the distribution of the cost between the municipality and the property benefited. That branch of the case is conclusively settled by the judgment of the county court and cannot be reviewed by this court.

One other assignment of error remains to be considered. Section 3 of the ordinance, after providing that the whole cost of the improvement shall be paid for by special assessment, contains the following provision: "Out of the amount of said assessment, when collected, the sum of ten hundred and ninety-three ($1093) dollars (which sum does not exceed six (6%) per cent of the amount of such assessment) shall be applied to the payment of all lawful costs and expenses incurred in levying, making and collecting the assessment for said improvement and in letting the contracts for said work and in maintaining the board of local improve-

ments of said village, in accordance with the provisions of said act." The engineer included in his estimate of the cost of the improvement the item of $1093 as costs.

The case of *Betts* v. *City of Naperville*, 214 Ill. 380, is conclusive upon the proposition that under section 94 of the Local Improvement act, as amended in 1901, the only item of costs that can be assessed in a special assessment proceeding is the cost of making and collecting the particular assessment, and that the proviso found in that section "does not authorize the levy of a special assessment to pay the costs and expenses of maintaining a board of local improvements or paying their salaries, or any expense except the cost of making and collecting the particular assessment." It follows that the village was without authority to provide for the levy of a special assessment to pay the costs and expenses of maintaining the board of local improvements of said village, and as it does not appear from the ordinance what part of the $1093 is to be applied to the payment of this expense, the whole of that portion of section 3 of the ordinance which is above quoted is not valid. As the specific amount to be included in the assessment as costs is fixed by the ordinance the other provisions are not affected by its illegality, and the assessment will not be affected by eliminating it.

The judgment will be reversed and the cause remanded to the county court, with directions to reduce the assessment against the property of appellant by eliminating therefrom its proportionate share of the item included as costs and expenses.     *Reversed and remanded, with directions.*

Mr. JUSTICE CARTER took no part in the decision of this case.