THE VILLAGE OF DONOVAN, Appellee, *vs.* JAMES H. DONO-
VAN *et al.* Appellants.

*Opinion filed December 15, 1908.*

1. SPECIAL ASSESSMENTS—*when objection that the court erred in re-referring roll cannot be raised.* The county court, at the time set for the hearing on a special assessment roll and upon motion of the village and the commissioner, may, without losing jurisdiction, re-refer the roll to the commissioner with the privilege of spreading a new assessment in accordance with the original order, and if no objection is made when the new roll is filed, or to its remaining on file, the question whether the court erred in so doing cannot be raised on appeal. (*Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* 230 Ill. 9, distinguished.)

2. SAME—*estimate need not be a complete inventory of every article to be used in improvement.* The estimate of cost in a special assessment proceeding need not contain a complete inventory of every article that is to enter into the construction of the improvement, and it is sufficient if it contains the substantial, component elements of the improvement, so that an experienced contractor, from the data furnished, may readily determine the cost of the items claimed to be omitted.

3. SAME—*what item of an estimate includes calking for joints and material for hydrant foundations.* An item for estimated cost of "labor and material necessary to properly lay, connect and place in position the water-main pipes, hydrants, etc.," is sufficient to include the twine and lead used in calking the joints of the water mains and the stone and brick for the hydrant foundations.

4. SAME—*rule where ordinance is susceptible of two constructions.* Where an ordinance is susceptible of two constructions, one of which will defeat and the other support the ordinance, the one which supports the ordinance will be adopted.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

J. W. KERN, and C. G. HIRSCHI, for appellants.

PALLISSARD & PERRIGO, and KAY, SAUM & KAY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Iroquois county to confirm a special assessment levied for the purpose of raising a fund with which to pay the cost of a system of water mains, with hydrants, proposed to be laid by the appellee in the streets of the village of Donovan. The appellants appeared and filed objections as to their property, which objections were overruled and judgment of confirmation was entered, and they have prosecuted an appeal to this court.

On March 26, 1907, the court ordered Fred W. Tovy, as commissioner, to make a true and impartial assessment of the cost of said improvement upon the said village and the property benefited by said improvement, in accordance with the law and the provisions of the improvement ordinance. On October 21, 1907, said commissioner filed an assessment roll, and the court fixed the hearing thereon for November 11, 1907. On that day the village of Donovan, by its attorneys, and the commissioner appointed to make the assessment, moved the court to refer said assessment roll back to said commissioner with the privilege of spreading a new assessment, whereupon the court set aside the orders entered in the case subsequent to March 26, 1907, and referred said assessment roll back to said commissioner, and leave was given said commissioner to spread a new assessment, and to proceed, in so doing, in accordance with the order of the court theretofore entered on March 26, 1907.

The contention of counsel for the appellants is, that the court was powerless to refer said assessment roll back to said commissioner, with leave to make a new assessment, without specific directions as to the manner in which the new assessment should be spread, and to sustain this position reliance is placed upon the case of *Chicago and Western Indiana Railroad Co.* v. *City of Chicago,* 230 Ill. 9. The case referred to, we think, is clearly distinguishable

from the case at bar. In that case, after certain objections had been filed to the assessment roll, the court referred the assessment roll back to the commissioners, with directions to re-cast the assessment on the face thereof with red ink but without directing the manner in which the assessment roll should be re-cast. When the roll was re-cast and re-filed the objectors appeared and moved the court to strike said assessment roll from the files, which motion was denied and proper exceptions were preserved thereto. Here the roll was referred back to the commissioner with leave not to re-cast the assessment upon the face of the roll but with leave to make a new assessment roll. It was held in the case referred to that the court should have given the commissioner express directions as to the manner in which the roll should be re-cast. The effect of the order of the court in this case was to permit the commissioner, upon the motion of the village and his own motion, to withdraw the assessment roll and to make a new roll, and the new roll was filed on February 28, 1908, to which the appellants filed numerous objections, but they nowhere, by their objections or otherwise, in the trial court, as they concede in their brief, made the point that the first assessment roll was improperly referred back to the commissioner or improperly permitted to be withdrawn by the commissioner with leave to him to make a new assessment. We are of the opinion the court could, if it saw fit, refer the assessment roll filed upon October 21, 1907, back to the commissioner with leave to make a new assessment in accordance with the order of March 26, which provided that the commissioner should make a true and impartial assessment in accordance with the law and the ordinance, without losing jurisdiction of the case, and if, when the new roll was filed, no objections were raised to its being filed or to its remaining upon the file by the objectors, by motion to strike or otherwise, that the question as to whether the court erred in permitting the new assessment roll to be made and to be filed in lieu

of the first assessment cannot be raised in this court for the first time.

It is next contended that the estimate of the cost of the improvement was not sufficiently itemized, in this: that it does not contain an item showing the estimated cost of the lead and twine which will be necessarily used in calking the joints of the water mains, or an item showing the estimated cost of the stones or brick upon which the thirteen hydrants provided for by the ordinance are to be placed. The cost of this improvement is very fully itemized, and the evidence shows that an experienced contractor could, from the data furnished, readily determine the cost of the items which it is claimed are omitted from the estimate. It is not necessary that the estimate contain a complete inventory of every article that is to enter into the construction of the improvement. If it contains the substantial component elements of the improvement it is sufficient. (*Clark* v. *City of Chicago*, 214 Ill. 318; *City of East St. Louis* v. *Davis*, 233 id. 553.) The estimate included the cost of "labor and material necessary to properly lay, connect and place in position the water-main pipes, hydrants, etc." We think the estimate of the cost of the improvement was sufficiently itemized.

It is further contended that the ordinance providing for this improvement was not properly proven. The appellee introduced in evidence the record of the village board of Donovan, which shows the ordinance was passed on March 6, 1907, and no reason is pointed out why this record of the board of trustees was not sufficient to establish the ordinance to have been duly passed. Our conclusion is that the ordinance was properly proven before it was admitted in evidence.

It is also contended that two of the streets of the village in which water mains are to be laid are misnamed and that the point where one hydrant is to be placed is improperly described. The two streets referred to run substantially across the village. In the original town they are des-

ignated upon the plat as avenues while in the addition to the village they are designated as streets, and the ordinance as to where one hydrant is to be located is somewhat ambiguous. We think the location of the streets where the improvement was to be laid was made certain by the parol proof introduced in evidence, (*McChesney* v. *City of Chicago,* 173 Ill. 75; *Ewart* v. *Village of Western Springs,* 180 id. 318;) and that when the entire ordinance is considered there is no uncertainty as to the location of said hydrant. Where an ordinance is susceptible of two constructions, one of which will defeat and the other support the ordinance, the construction that supports the ordinance will be adopted. *Gage* v. *Village of Wilmette,* 230 Ill. 428.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*