THE VILLAGE OF NORTHBROOK, Appellee, *vs.* CHARLES
STERBA *et al.* Appellants.

*Opinion filed October 28, 1925.*

1. SPECIAL ASSESSMENTS—*what questions are not reviewable.*
Questions not raised in the specific objections filed in the county
court, and objections on which errors were not assigned, are not
reviewable in the Supreme Court.

2. SAME—*error must be specifically pointed out.* General as-
signments of error, such as that the trial court erred in overruling
the legal objections, in denying the motion for a new trial, in over-
ruling the motion in arrest of judgment and in entering judgment
on the findings, will not be considered where no attempt is made
in such charges of error to indicate wherein the trial court erred.

3. SAME—*proper signature to petition is not jurisdictional.* The
manner of signing a petition for a local improvement is not juris-
dictional, and the fact that the petition of a village is signed by the
president in his own name is merely an irregularity, which cannot
be considered in the Supreme Court where no objection was made
in the trial court.

4. SAME—*village may improve a street which is part of State
road.* The fact that the State has undertaken the improvement of
eighteen feet of the center of a street does not deprive a village
of power or authority to improve any other portion of the street.

5. SAME—*when estimate is sufficiently itemized.* The estimate
of the cost of an improvement is sufficiently itemized, so far as
the property owners are concerned, if it is specific enough to give
them a general idea of the estimated cost of the substantial com-
ponent elements of the improvement; and the statute does not
require that the estimate shall contain a detailed statement of the
kinds or quantities of materials necessary for constructing the im-
provement or the details of engineering and inspection work.

6. SAME—*when a paving ordinance is sufficiently definite as to
weight of catch-basin frames.* A paving ordinance is sufficiently
definite as to the weight of the catch-basin frames and covers where
it states that the weight shall be "not less than" a certain minimum;
and the fact that no maximum weight is stated is immaterial, as
contractors bidding in competition will base their calculations upon
the minimum requirements of the ordinance.

7. SAME—*construction supporting ordinance will be adopted.*  If an ordinance is susceptible of two constructions, one of which will defeat and the other support it, the construction which supports the ordinance will be adopted.

8. SAME—*village datum, when referred to, will be presumed to have been established.*  In the absence of proof to the contrary it will be presumed from a paving ordinance fixing a grade with reference to the village datum that such datum has been theretofore established by ordinance of the village, without introducing the ordinance in evidence, and the fact that the village had another name when the ordinance fixing the datum was adopted can have no effect on the validity of the ordinance after the change in name.

9. SAME—*plat may be considered in determining location of improvement.*  A paving ordinance cannot be said to be vague and indefinite with respect to the boundaries of the improvement and the location of catch-basins and manholes, where the plat of the improvement, which is a part of the ordinance, is sufficient to show such locations and distances, and uncertainty in the description of the improvement may be removed by reading together the estimate of the cost and the ordinance, with the plat attached.

10. MUNICIPAL CORPORATIONS—*change in name does not affect rights and privileges of municipality.*  Provision is made by statute for changing the name of a city, incorporated town or village, and the rights and privileges of any such municipality exist the same after as before the change of name.

THOMPSON, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

MORTON T. CULVER, for appellants.

LANGWORTHY, STEVENS & McKEAG, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On August 4, 1924, the president and board of trustees of the village of Northbrook, in Cook county, passed an ordinance for draining, grading, curbing and paving Shermer avenue, Shermerville road and Walters avenue between certain termini, except the central eighteen feet of parts of

Shermer avenue and Shermerville road, for the grading and paving of which, the ordinance recites, the State of Illinois and the county of Cook had entered into a contract. A petition setting forth the passage of the ordinance and the approval of the estimate of the cost of the improvement and of the recommendation of the board of local improvements, and praying that steps be taken to levy a special assessment in accordance with the provisions of the ordinance, was filed in the county court of Cook county. Objections were interposed to the assessment. Upon successive hearings all the legal objections were overruled, the assessment was reduced upon a certain parcel of land and confirmed as to all other property. Charles Sterba and Anthony Batek, two of the objectors, prosecute this appeal from the judgment of the county court.

After the appeal had been perfected, appellee, the village of Northbrook, made a motion in this court to strike the bill of exceptions from the transcript of the record on the ground that it had not been presented to the trial court within the time fixed therefor. The motion was allowed and the bill of exceptions was stricken.

Appellants originally filed one hundred and ten objections in the county court, but on motion of appellee they were ordered to specify the objections upon which they intended to rely. Pursuant to this order twenty-nine specific objections were filed. Thirteen of these objections need not be considered because errors are not assigned upon them. (*Taylor* v. *Wright*, 121 Ill. 455; *Ditch* v. *Sennott*, 116 id. 288.) Questions raised by certain errors now assigned were not included in the specific objections filed in the county court and for that reason are not reviewable here. (*Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384; *Wilkin* v. *City of Robinson*, 292 id. 510; *Village of Elmwood Park* v. *Mills & Sons*, 311 id. 136.) Other errors are assigned upon the evidence, but since the bill of exceptions was stricken they are not open to consideration. Still others are of a

general nature,—*e. g.,* that the trial court erred in overruling the legal objections, in denying the motion for a new trial, in overruling the motion in arrest of judgment and in entering judgment on the findings, that the findings and judgment are contrary to the law, and that there are other errors apparent upon the face of the record. The general rule is, that every error of which complaint is made must be specifically pointed out in the assignment of errors. No attempt has been made by any of these general charges of error to indicate wherein the trial court erred and none is sufficient to require consideration here. (*Berry* v. *City of Chicago,* 192 Ill. 154; *Brewer* v. *National Union Building Ass'n,* 166 id. 221; *Baltimore and Ohio Southwestern Railway Co.* v. *Alsop,* 176 id. 471.) Certain questions, however, have been presented for review and they will be considered.

It is contended that the petition filed in the county court was not sufficient to confer jurisdiction upon that court because it was filed in the name of the president of the village and not in the name of the village itself. In the first sentence of the petition the village of Northbrook is referred to as the petitioner. The allegations of the petition and its prayer are by the village. The petition is signed, "August Therrien, president of the village of Northbrook." The manner of signing was not jurisdictional but merely an irregularity, which could have been corrected if an objection thereto had been made in the trial court. No such objection having been made there, it cannot be considered here. *People* v. *Bloomington Cemetery Ass'n,* 266 Ill. 32; *People* v. *Chicago and Alton Railroad Co.* 306 id. 525.

Appellants further contend that the State and county having entered into a contract for the improvement of the central eighteen feet of parts of Shermer avenue and Shermerville road within the village of Northbrook, the village is without power or authority to improve any portion of these streets between the same termini. This contention

was determined adversely to appellants in *Village of Glencoe* v. *Hurford,* 317 Ill. 203, and *Village of Glencoe* v. *Olson,* id. 263.

It is contended that the descriptions of the following items in the engineer's estimate of the cost of the improvement are insufficient, viz: "6932 square yards of steel mesh reinforcement, complete in place at 20c per square yard, $1386.40; 2431 lineal feet of one-half (½) inch fibre matrix and bitumen expansion joints, complete in place at 30c per lineal foot, $729.30; 234 feet of steel protection plates, complete in place at 25c per lineal foot, $58.50." In what respect these descriptions are insufficient has not been pointed out. No complaint is made that these materials are not adequately described in the ordinance. Section 10 of the act concerning local improvements (Cahill's Stat. 1923, p. 433,) requires an estimate of the cost of the improvement, itemized so far as the board of local improvements shall think necessary. It does not require that the estimate shall contain a detailed statement of the kinds or quantities of materials necessary for the construction of the improvement. The estimate is sufficiently itemized, so far as the property owners are concerned, if it is specific enough to give them a general idea of the estimated cost of the substantial component elements of the improvement. In *Hulbert* v. *City of Chicago,* 213 Ill. 452, an objection to an item in the estimate for the "adjustment of sewers, catch-basins and manholes, $1139.30," was overruled. An item in the estimate of cost for "adjustment of sewers, catch-basins and manholes and constructing four new catch-basins, $1455," was upheld in *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 Ill. 352. Again, in *City of Chicago* v. *Underwood,* 258 Ill. 116, an item in the engineer's estimate for "constructing six new catch-basins, complete, at $50, $300," was held to be sufficiently definite, so far as the property owners were concerned, even though it failed to state the size of the catch-basins or the materials of which

they were to be built. The items in the estimate to which objection is here made complied with the statutory requirement and the objection was properly overruled.

It is objected that there is a material and fatal variance between the estimate and the ordinance because it is asserted that no provision is made by the ordinance for engineer's or inspector's services. The estimate contains an item for "engineering and inspection, $1964." The ordinance provides that all the materials used in the construction of the improvement shall be subject to the inspection and approval of the board of local improvements; that the work shall be done in a workmanlike manner under the superintendence of that board, and that the improvement shall be constructed to conform to the plans attached to the ordinance. Appellants have pointed out no requirement which has not been observed. It is not necessary that the details of engineering and inspection work or a complete inventory of every article that will enter into the construction of the improvement shall be set forth in the engineer's estimate of its cost. *Village of Donovan* v. *Donovan,* 236 Ill. 636; *City of Park Ridge* v. *Wisner,* 253 id. 360.

Complaint is also made by appellants that there is a variance between the estimate and the ordinance in respect of the weight of the catch-basin frames and covers. The estimate specifies two brick catch-basins, each with a cast-iron cover and frame weighing 320 pounds. The ordinance provides that upon the walls of each catch-basin shall rest a cast-iron frame and cover, the combined weight of which shall be not less than 320 pounds, and that these frames and covers shall be as shown upon a certain drawing attached to and made a part of the ordinance. The drawing gives the forms and dimensions of the frame and cover and fixes the weight of the cover at 150 pounds, but it does not give the weight of the frame. If both frame and cover weigh 320 pounds and the weight of the cover is 150 pounds, the weight of the frame can be easily ascertained. The use

of the words "not less than," in fixing the minimum weight of the catch-basin frame and cover, does not render the ordinance uncertain. The fact that no maximum weight is stated is immaterial, because contractors bidding in competition will naturally base their calculations upon the minimum requirements of the ordinance. (*Shannon* v. *Village of Hinsdale,* 180 Ill. 202; *Latham* v. *Village of Wilmette,* 168 id. 153.) Moreover, if an ordinance is susceptible of two constructions, one of which will defeat and the other support it, the construction which supports the ordinance will be adopted. (*Village of Donovan* v. *Donovan, supra; Gage* v. *Village of Wilmette,* 230 Ill. 428.) When the estimate and ordinance are read together, as they should be, (*City of Harvard* v. *Roach,* 314 Ill. 424,) there is no variance between them in the respect claimed.

Appellants insist that the ordinance is vague and indefinite because the meaning of the words "village datum" can not be ascertained therefrom. The ordinance provides that "village datum" shall mean "that plane fixed and established by an ordinance passed by the board of trustees of the village of Northbrook and approved by the president of said board of trustees on the 16th day of April, 1912, as a basis for the calculations of elevations, and all grades herein referred to as fixed shall be measured vertically above said village datum." In the absence of proof to the contrary it will be presumed from a paving ordinance fixing a grade with reference to the village datum that such datum has been theretofore established by the village, and it is not essential to the *prima facie* case that the ordinance fixing the datum be introduced in evidence. (*Chicago Consolidated Traction Co.* v. *Village of Oak Park,* 225 Ill. 9.) The fact that the village of Northbrook formerly had another name can have no effect upon the validity of an ordinance establishing the village datum which was in existence prior to the change of name. The identity of the village remains unchanged. Provision is made by statute for changing the

name of a city, incorporated town or village, and the rights and privileges of any such municipality exist the same after as before the change of name. Laws of 1871-72, secs. 1, 6, p. 267; 1 McQuillin on Mun. Corp. sec. 254.

It is also contended that the ordinance is indefinite in excepting from the improvement that part of Shermer avenue which lies between a line parallel with and two feet westerly of the most westerly track and a line parallel with and two feet easterly of the most easterly track of the Chicago, Milwaukee and St. Paul railroad. The word "rail" should have been substituted for the word "track," but the plat, which is made a part of the ordinance, shows the lines to which the pavement will run and removes any ambiguity in this respect.

It is asserted that, so far as a portion of the proposed improvement is concerned, the location of the curb lines can not be ascertained from the ordinance. With respect to the particular portion of the improvement the ordinance provides that "the curb.lines shall be parallel with twenty-one feet from the center line of Shermer avenue." If the word "and" had been inserted before the word "twenty-one" no question would have arisen. Obviously the meaning of the provision is that the curbs shall run parallel with and twenty-one feet from the center of the street. Moreover, the plat shows the curb lines to be parallel with the center of the street and twenty-one feet distant therefrom. The ordinance is definite so far as the location of the curbs is concerned. *Ownby* v. *City of Mattoon,* 306 Ill. 552.

It is objected that the ordinance is vague and indefinite with reference to the adjustment of the tops of catch-basins and manholes which fall in the curb line. The ordinance provides that "the several catch-basins and manholes located on the line of the curb shall be raised or lowered and adjusted as may be necessary to make them conform to the finished surface of said pavement or to said established grade of top of parkway, according to whether the major

part of said catch-basins and manholes lies within or without the line of said curb." It is not disclosed in what respect this provision is indefinite. Manifestly, its meaning is that where a particular catch-basin or manhole is located in the curb line, in adjusting it to the proper grade the header courses will not be contracted gradually from all sides but in such a manner that the cover will be wholly in and at the grade of the pavement or the parkway, depending upon whether the major part of the catch-basin or manhole is inside or outside of the curb line. The objection was properly overruled.

Finally, it is contended that the provisions of the ordinance with reference to the location of the inlets and catch-basins, and the length of pipe from the inlets to the catch-basins and from the catch-basins to the sewers, are vague and indefinite. The ordinance provides that the location of the inlets and catch-basins shall be as shown on the plat attached to the ordinance. The plat which is a part of the ordinance is drawn to a scale. An examination of the plat makes the location of the inlets and catch-basins sufficiently definite. Reference may be made to the plat for such locations and distances, and if they are shown by the plat it will be sufficient. (*City of Hillsboro* v. *Grassel,* 249 Ill. 190.) The estimate gives the length of pipe required. Uncertainty in the description of an improvement may be removed by reading together the estimate of the cost and the ordinance with the plat attached. *City of Harvard* v. *Roach, supra.*

The judgment of the county court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE THOMPSON: For the reasons given in the dissenting opinion in *Village of Glencoe* v. *Hurford,* 317 Ill. 203, I dissent.