(No. 19298.—

THE CITY OF SPRINGFIELD, Appellee, *vs.* GEORGE B. GILLESPIE, Appellant.

*Opinion filed June 19, 1929.*

EDMUND BURKE, (GILLESPIE, BURKE & GILLESPIE, and HUGH J. DOBBS, of counsel,) for appellant.

ROY M. SEELEY, (A. D. STEVENS, and DEWITT S. CROW, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The council of the city of Springfield passed an ordinance for the grading, curbing and paving of a portion of the east roadway of Noble avenue, in that city. A petition for the levy of a special assessment for the cost of the proposed improvement was filed in the county court of Sangamon county. Objections to the assessment were interposed by George B. Gillespie. His objections were overruled and the assessment was confirmed. From the judgment of confirmation Gillespie prosecutes this appeal.

Noble avenue, in the city of Springfield, is a street approximately 125 feet wide between property lines and runs south from South Grand avenue. The street includes two roadways, and between these roadways is a strip of ground 25 feet wide, occupied for a portion of its width by a single street railway track of the Illinois Power Company. The west roadway is paved. The improvement of the east roadway will extend from South Grand avenue south to Laurel street, a distance of two blocks. Appellant owns a parcel of land situated at the southeast corner of South Grand and Noble avenues. The land is vacant and has a frontage of 141½ feet on the former and of 200 feet on

the latter street. The district is a residential one, and Washington Park, one of the largest in the city, lies directly to the north of appellant's land. The city engineer estimated the cost of the improvement at $17,368.89. Of this sum $15,641.02 was assessed upon private property, and the balance, $1727.87, as public benefits. The assessment was made payable in ten annual installments. The total assessment upon appellant's property was $2151. The 25-foot strip in the center of Noble avenue, occupied in part by the street railway track of the Illinois Power Company, was not assessed.

At the time of the passage of the ordinance for the construction of the improvement a general ordinance of the city of Springfield provided that when any street upon which a street railroad track was laid or used should be ordered paved, it would be the duty of the railroad company to pave all that portion of the street included in the space between the rails of its track or tracks, and for one foot beyond the outer edge of the rails, in the manner that the remaining portions of the street were to be paved or in such other manner and with such other materials as might be required by ordinance; that in case of default on the part of the company the city council might cause the track or tracks to be removed and the pavement to be laid, and in such case the company would be liable to the city for the cost and expense of such paving, with lawful interest thereon from the completion of the work; and that upon the company's failure or refusal to pay such cost, with interest, the same might be recovered by suit in any court of competent jurisdiction.

By an ordinance passed September 15, 1924, and subsequently accepted by the Illinois Power Company, authority was granted that company, its successors and assigns, to maintain and operate an electric street railway upon certain streets in the city of Springfield, including, among others, Noble avenue from South Grand avenue to

Laurel street. This ordinance required the company, whenever a street upon which it operated its street railway was paved, to construct with like material, and to maintain in good condition, the pavement between its rails and tracks and for the space of one foot outside its outer rails. Failure to comply with this provision for two weeks after the receipt of written notice authorized the city to cause the pavement to be constructed or repaired, and in that event the company would be required forthwith to reimburse the city the actual cost of the work, plus ten per cent of such cost. The company further agreed to dedicate as a public highway, subject to an easement for a right of way for street railway purposes, a strip of ground in the center of Noble avenue from South Grand avenue to Laurel street, title to which was held by the company. By its deed dated December 22, 1925, and filed in the office of the recorder of deeds of Sangamon county, the Illinois Power Company dedicated this strip, 25 feet wide, to the public for the uses and purposes of a street or public highway, reserving to itself, however, the easement specified. The company now operates its street railway in Noble avenue, between the intersecting streets designated, by virtue of the ordinance of September 15, 1924.

Appellee offered in evidence the recommendation of the board of local improvements, the city engineer's estimate of cost, the ordinance providing for the construction of the improvement, and the amended assessment roll. It was stipulated that appellant, if present, would testify that in his opinion the fair cash market value of the easement and right of way of the Illinois Power Company in Noble avenue would be materially increased by the construction of the proposed improvement. To this testimony appellee objected that the ordinance granting authority to the company to operate its street railway constituted a contract between the city and the company, and that this ordinance, and the general ordinance concerning paving by street railroad com-

panies, fixed and determined the company's duty and obligation with respect to the paving of its right of way.

On the question of benefits four witnesses testified in behalf of appellant. They valued appellant's parcel of land from $6000 to $7000, and in their opinions the contemplated improvement, when completed, would increase its value from $500 to $800. Appellee called four witnesses in rebuttal. They testified that appellant's land was worth from $7000 to $8000 and that it would be benefited by the improvement from $2000 to $2500.

Appellant seeks the reversal of the judgment upon several grounds. One of these is that the ordinance is uncertain and indefinite with respect to the courses and lengths of the connections between storm-water inlets and sewers, and that the ordinance is therefore void. The ordinance provides for six storm-water inlets, to be connected with "the sewer now in place in said street as indicated and shown on the plat and profile hereto attached." It is conceded that there is no sewer in Noble avenue but that one exists in a public alley, the center line of which intersects Noble avenue at a point 208 feet south of South Grand avenue, and that another sewer runs in the center of a second public alley 165 feet east of and parallel with the east line of Noble avenue. The location of each of the storm-water inlets and the courses of the pipe connections from these inlets to man-holes in the sewers are shown by the plat and profile, which were made a part of the ordinance. Two of the inlets are to be connected with the sewer in the alley intersecting Noble avenue and the remaining four with the sewer in the alley east of and running parallel to that street. The engineer's estimate of the number of feet of pipe required to make these connections confirms their several lengths as shown by the plat. The ordinance provides that the inlet connections shall be made as indicated on the plat and profile, and the particulars of course, dis-

tance, termini and quantity prescribed by the estimate, ordinance and plat necessarily govern the qualifying phrase of the ordinance respecting the sewer, "now in place in said street." Where the plan of a proposed improvement is attached to and made a part of an ordinance it should be considered as if incorporated in full in the ordinance. (*Village of Ladd* v. *Chicago, Ottawa and Peoria Railway Co.* 283 Ill. 260.) Uncertainty in the description of an improvement may be removed by reading together the estimate of its cost and the ordinance with the plat attached thereto. (*Village of Northbrook* v. *Sterba,* 318 Ill. 360; *City of Harvard* v. *Roach,* 314 id. 424; *Village of Ladd* v. *Chicago, Ottawa and Peoria Railway Co. supra; City of Hillsboro* v. *Grassel,* 249 Ill. 190; *Beers* v. *City of Chicago,* 225 id. 376.) Even if the ordinance under review can be regarded as susceptible of two constructions, one of which will defeat and the other support it, the construction which supports the ordinance will be adopted. *Village of Northbrook* v. *Sterba, supra; Village of Donovan* v. *Donovan,* 236 Ill. 636; *Gage* v. *Village of Wilmette,* 230 id. 428.

Appellant further contends that the easement or right of way for street railway purposes reserved by the Illinois Power Company in Noble avenue should have been included in the assessment. Special assessments must be made in the ratio of advantages or benefits. They should be imposed equally upon all property equally benefited by the improvement. (*City of Chicago* v. *Baer,* 41 Ill. 306; *City of Chicago.* v. *Larned,* 34 id. 203.) The right of way of a street railway company constitutes property of a fixed and immovable character, and in the absence of a contract affecting the question such property may be assessed for the local improvement of the street the same as other property. (*West Chicago Street Railroad Co.* v. *City of Chicago,* 178 Ill. 339; *Cicero and Proviso Street Railway Co.* v. *City of Chicago,* 176 id. 501.) An ordinance granting authority

to maintain and operate a street railway in a public street, when accepted and acted upon, becomes a valid and binding contract, which cannot be revoked by either party; and if the ordinance requires the street railway company to pave its right of way at the time and in the manner in which the remaining portion of the street is paved by the city, the requirement will be regarded as the equivalent of a special assessment on the company's right of way for paving the street and to preclude a further assessment for that purpose. (*City of Moline* v. *Tri-City Railway Co.* 262 Ill. 122; *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 id. 11; *City of Lincoln* v. *Harts,* 250 id. 273; *West Chicago Street Railroad Co.* v. *City of Chicago, supra.*) Under such circumstances it is proper to exclude the portion of the street occupied by the street railway company from the provisions of the paving ordinance. · *City of Lincoln* v. *Chicago and Alton Railroad Co. supra; City of Moline* v. *Tri-City Railway Co. supra; City of Lincoln* v. *Harts, supra; Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 172 Ill. 66; *Billings* v. *City of Chicago,* 167 id. 337.

Appellant argues, however, that the Illinois Power Company by its deed of dedication reserved a right of way for street railway purposes, and that there is a manifest distinction between the company's easement or freehold estate and a franchise or license to operate a street railway in a public street. The asserted distinction does not avail appellant. The strip of land was dedicated for a public street and became an integral part of Noble avenue. The right of way was reserved solely for street railway purposes and it did not extend to the entire width of the dedicated strip. The authority to maintain and operate a street railway in Noble avenue was conferred by the ordinance of September 15, 1924. The reserved right of way and its use are governed by the provisions of that ordinance. The company accepted and acted upon the ordinance, and it is bound

to pave its right of way when directed to do so by the city. Hence the right of way was properly excluded from the assessment roll.

Finally, appellant contends that the jury's finding on the question of benefits was palpably against the weight of the evidence. The testimony was conflicting, yet it justified the verdict of the jury. The verdict was approved by the trial judge. Under such circumstances it will not be disturbed by this court. *City of East St. Louis* v. *American Asphalt Roof Corp.* 331 Ill. 58; *Ownby* v. *City of Mattoon,* 306 id. 552; *City of Chicago* v. *Weber,* 260 id. 105; *Topliff* v. *City of Chicago,* 196 id. 215; *Allen* v. *City of Chicago,* 176 id. 113.

The judgment of the county court of Sangamon county is affirmed.

*Judgment affirmed.*