# Slaughter v. First National Bank of Montgomery.

*Action on Negotiable Promissory Note.*

1. *Action by assignee of negotiable promissory note; when assignment must be proved.*—Under the statute (Code, § 2594), an action upon a negotiable promissory note must be procecuted by the holder of the legal title; and where, in an action upon such a note by one claiming as the indorsee thereof, the defendant by sworn plea, denies that it has been assigned to the plaintiff, it is essential to a recovery by the plaintiff that the execution of what purports to be an indorsement on the note by the payee be proven.

2 *Special plea, construction of; when issue must be submitted to the jury.*—In an action on a negotiable promissory note containing a waiver of exemptions, where the plaintiff has joined issue on a plea of defendant that he did not sign the note sued on "as a waive note or contract," such plea may be regarded as simply controverting the fact of waiver of exemptions, and this issue must be submitted to the jury, where the evidence on the subject is conflicting.

3. *Negotiable instruments; when question of plaintiff's protection as bona fide holder is waived by joining issue on plea*—Where, in an action on a negotiable promissory note, the plaintiff joins issue on defendant's pleas of failure of consideration, breach of warranty, and fraud, without raising, by replication or otherwise, the question of his protection as a *bona fide* holder without notice, the plaintiff thereby waives all questions as to his protection under the law merchant, and, there being evidence to support the pleas, the issues raised by them must be submitted to the jury.

4. *Discount of note by bank, at usurious rate of interest; State statute*

[Slaughter v. First National Bank of Montgomery.]

*does not apply to national banks.*—The Alabama statute (Code, § 4140) making it a misdemeanor for any banker to "discount any note, bill of exchange or draft, at a higher rate of interest than eight *per cent. per* annum," does not apply to national banks.

5.   *When issue need not be submitted to the jury; application of maxim, "De minimis non curat lex."*—Where, in an action on a promissory note, the plaintiff joins issue on a plea of the defendant, that the plaintiff discounted the note sued on at a greater rate of interest than eight *per cent. per annum*, and the evidence shows that the amount reserved by the plaintiff was only five cents in excess of what the lawful rate amounted to, and that there was no purpose to charge illegal interest,—a case is presented for the application of the maxim, "*De minimis non curat lex,*" and the issue need not be submitted to the jury.

6.   *Negotiable instruments; protection of bona fide purchaser, how pleaded.*—Where the complaint in an action, brought by the indorsee, on a promissory note fails to aver that the plaintiff purchased without notice of any equities or defenses, if the plaintiff desires to invoke protection of the law merchant against defenses set up by the defendant's pleas, he must set up by replication that he was a *bona fide* purchaser of the note before maturity, for value, without notice of the defenses set up.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

The note sued on is copied in the report of the case on a former appeal. *First National Bank of Montgomery v. Slaughter*, 98 Ala. 602. Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the following written charge: "If you believe the evidence, you should find for the plaintiff," and to the giving of this charge the defendants duly excepted. There were verdict and judgment for the plaintiff, and the defendants appeal. Other material facts are sufficiently stated in the opinion.

R. L. HARMON and I. H. PARKS, for appellants.

M. W. RUSHTON and JOHN GAMBLE, *contra.*

HEAD, J.—The note declared upon is governed by the commercial law.—*First National Bank of Montgomery v. Slaughter*, 98 Ala. 602 (14 So. Rep. 545). Action upon it, therefore, must be prosecuted by the holder of the legal title.—Code, § 2594. A sworn plea of defendants denies that it had been assigned to the plaintiff.

The legal title to such paper can pass only by the indorsement of the payee. The words, "Montgomery Iron Works, J. J. Woodward, Secretary & Treasurer," which appear on the back of the note in suit, do not, under the issue here presented, without more, prove an indorsemement by the payee. It was essential to recovery by the plaintiff that the execution of the indorsement be proven. There was evidence from which the jury could legally infer that the indorsement was actually made by Woodward, though the plaintiff omitted to introduce direct proof of the fact.

The next plea is, that the defendants did not *sign* the note which is the foundation of the action, *as a waive note or contract*. The plaiutiff joined issue upon this plea. It is pleaded in bar of the whole action, yet it may be regarded as simply controverting the fact of waiver of exemptions. *Goetter, Weil & Co. v. Pickett*, 61 Ala. 387. By the issue thus presented, all ques ions as to the rights of the plaintiff, as a *bona fide* holder of commercial paper, for value and without notice, were eliminated and waived ; and the only question for decision under that issue, was, whether the defendants signed the note as a waive note or contract. The evidence was in direct conflict upon this question, and the court erred in taking the issue from the jury.

The next pleas, which were in short, by consent, were : (1) Failure of consideration, (2) Breach of warranty, and (3) Fraud ; and upon them, issue was likewise joined. Here, again, all questions as to plaintiff's protection under the law merchant, were waived. There was evidence tending to support, at least, the first and second of these pleas, and the court erred in taking the issue from the jury.

The defendants by pleas to so much of the complaint as seeks to establish that they had waived their rights to their lawful exemptions against the enforcement of the contract in suit, controverted, as authorized by the statute, the fact of such waiver, alleging nothing as to plaintiff's rights as a holder of the paper under the commercial law. As upon the other two pleas, the plaintiff joined general issue upon these ; waiving, again, all protection under the commercial law. There was evi-

dence tending to support the pleas, and the issues were improperly taken from the jury.

The defendants, N. M. and J. L. Slaughter, in proper form, under oath, pleaded *non est factum*. Issue was joined upon this plea. It was not disputed that D. L. Slaughter executed the note, for and in behalf of thes > two defendants, as their agent. There was evidence tending to show that he exceeded his authority, and executed a different contract from that he was authorized to execute, induced thereto by fraud on the part of the agent of the payee, who took the note. There was no replication raising the question of plaintiff's protection against such excess of authority under the principles of the law merchant. Nor was there a replication raising the question of subsequent ratification. Thus the only issue was whether the agent materially exceeded his authority. This should have been submitted to the jury, if, indeed, the evidence upon it was not such as justified an affirmative instruction in favor of the two defendants.

Another plea sets up, in bar of the whole action, that the plaintiff discounted the note sued on at a greater rate of interest than eight *per cent. per annum.* We suppose this plea is based on section 4140 of the Code of 1886, which provides that, "any banker who discounts any note, bill of exchange, or draft at a higher rate of interest than eight per cent. per annum, not including the difference of exchange, is guilty of a misdemeanor," as that section was construed in *Youngblood v. Birmingham Trust and Savings Co.*, 95 Ala. 521. As the National Banking Act imposes a very severe penalty upon any bank not organized under it, for using, in its title, the term, "National Bank," we will assume that the plaintiff is a National Bank, organized under that act. Being so, it is not amenable to said section 4140 of the Code. The penalties for such usurious discounts are provided by the National Banking Act; and, in an action on the discounted paper, the plaintiff is entitled to recover the principal, less the amount of the interest unlawfully reserved.—*Farmers and Merchants National Bank v. Dearing,* 91 U. S. 29. That case leaves it an open question whether a recovery may be had of interest on the principal so reduced, after the maturity of the note. The penalties which the said banking act provides may be

recovered by suit cannot be set off in an action on the note.—*Barnes v. Muncie Nat. Bank*, 98 U. S. 555; *Driesbeck v. Second Nat. Bank*, 104 U. S. 52; *Stephens v. Monongahela Nat. Bank*, 111 U. S. 197. The commercial rule adopted in this State, as declared in *Wailes v. Couch*, 75 Ala. 134, and prior and subsequent cases, does not apply to National Banks.—*Oates v. First National Bank of Montgomery*, 100 U. S. 239. But issue was joined upon the plea, thus admitting that it presented a good defense to the entire action; and the question arises, whether, under the evidence, the issue should have been submitted to the jury. The only testimony on the subject was that of Woodward, the cashier of the payee, who testified that plaintiff purchased the note on July 23rd, 1889, and paid him for same its face value, less interest at eight *per cent. per annum*; that the amount so paid him on July 23d, 1889, was $241.03. It has been seen that the note matured, (allowing grace) on October 4th, 1889, and did not bear interest before maturity. So it had 73 days to run; for which period, the interest amounts to the sum of $3.92. The plaintiff reserved $3.97, being an excess, over the lawful rate, of five cents—a sum less than the interest for one day. We think this, strikingly, a case for the application of the maxim, "*De minimis non curat lex.*" In *White v. Beard*, 2 Curt. 493, Sir W. Scott, speaking in reference to proceedings for an infringement of the revenue laws, observed: "The court is not bound to a strictness at once harsh and pedantic in the application of statutes. The law permits the qualification implied in the ancient maxim, "*de minimis non curat lex.*" Where there are irregularities of very slight consequence, it does not intend that the infliction of penalties should be inflexibly severe. If the deviation were a mere trifle, which if continued in practice, would weight little or nothing on the public interest, it might properly be overlooked."—Broom's Legal Maxims, marg. p. 146. Again, to incur the penalties of usury, the taking of an unlawful interest must be intentional; and the National Banking Act, which governs in this case, expressly provides that it must be knowingly taken. The facts in this case demonstrate that there was no purpose to charge illegal interest, and that the slight excess was the result of error in the computation

of time or amount.—*Lloyd v. Scott*, 4 Peters, 205. This defense should be abandoned on another trial.

We remark that some of the pleas we have noticed are subject to demurrer. They should be put in proper shape on another trial; and if the plaintiff desires to invoke the protection of the law merchant, it should interpose its replications, properly presenting the facts. None of the pleas can be taken as confessing that plaintiff was a *bona fide* purchaser of the note, before maturity, for value, without notice of the defenses set up, for the reason that the complaint, while averring the other essentials, fails to aver that plaintiff purchased without notice of any equities or defenses. Whilst the proof of such notice to plaintiff, when, upon proper pleading and proof, it is shown that it purchased before maturity for value, must come from the defendants, yet it is necessary for plaintiff to aver, with the other facts, the want of notice, which should, regularly, be done in its replications to the pleas, and not in the complaint.

We notice that the note, after its introduction, was excluded by the court as to two of the defendants, and not again introduced, after the objection to it was obviated by further evidence. We mention this, that the oversight may not again occur.

Reversed and remanded.