LEVI W. YAGGY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1901.*

SPECIAL ASSESSMENTS—*objectors must overcome the prima facie proof furnished by the board's recommendation.* Under section 9 of the Local Improvement act of 1897 the recommendation of an improvement by the board is *prima facie* evidence that the engineer's estimate of cost was made upon the date it bears, and objectors claiming otherwise have the burden of proof.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

SAMUEL J. HOWE, for appellants.

CHARLES M. WALKER, Corporation Counsel, and ROBERT REDFIELD, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal by certain owners whose property was assessed by the city of Chicago for the cost of making a local improvement, consisting of laying of water service pipes in One Hundred and Twelfth street, from Michigan avenue to Stewart avenue, in said city.

On the hearing before the county court the city offered in evidence the petition, order appointing commissioners to spread the assessment, the order for publication, affidavit of mailing, posting and publication of notices, and the assessment roll. To the introduction of these the appellants objected, for the alleged reason "that the ordinance is void; * * * that the estimate of the engineer was not made ten days before the passage of the ordinance, as appears on the face of the formal proofs offered in evidence by the city; * * * that it appears from the formal proofs offered in evidence that the estimate of the

engineer was made June 18, 1900, and that on the same day the recommendation of the board of local improvements was sent to the city council, with the ordinance, and it appears from the certificate of the city clerk attached to the petition that the ordinance was passed on the 18th day of June, 1900.   The *prima facie* proof shows that the estimate was made on the 18th day of June, 1900, and it could not be ten days before the passage of the ordinance." The objection was overruled, and the only question in the case is whether the ruling of the court in that regard was proper.

Attached to the petition is an estimate of the engineer, dated June 4, 1900. There is nothing in the abstract from which we can determine that the estimate of the engineer was made on the date of the passage of the ordinance. By the provisions of section 7 of the law of 1897 the board of local improvements must cause an estimate of the cost of the proposed improvement to be incorporated in their resolution calling the public meeting, and as that resolution must be adopted ten days before the public meeting, and as the ordinance can only be passed at or after such public meeting, the estimate must be made at least ten days before the passage of the ordinance,—and we so held in the case of *Clarke* v. *City of Chicago*, 185 Ill. 354. It seems that the city introduced upon the hearing the recommendation of the board of local improvements, which was attached to the petition.   By section 9 of the statute concerning local improvements (Hurd's Stat. 1899, p. 363,) it is provided: "With any such ordinance, presented by such board to the city council or board of trustees, shall be presented also a recommendation of such improvement by the said board, signed by at least a majority of the members thereof.   The recommendation by said board shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court, it shall not affect the validity

of the proceeding unless the court shall deem the same willful or substantial." Appellants have wholly failed to show that all the preliminary requirements, including the estimate ten days before the public hearing, were not complied with.

We are unable to discover any error in the proceedings below, and the judgment of the county court will accordingly be affirmed.　　　　　　*Judgment affirmed.*