THE CITY OF CHICAGO, Appellee, *vs.* ANNA M. WILSHIRE *et al.* Appellants.

*Opinion filed February 19, 1909.*

1. SPECIAL ASSESSMENTS—*it is presumed that officers spreading assessment did their duty.* The presumption is that the city officers who spread a special assessment did their duty, and the burden is upon an objector to establish the invalidity of the assessment.

2. SAME—*what does not show that a sidewalk was constructed before ordinance was passed.* Testimony of a witness that a cement sidewalk at certain street intersections was stamped with the name of the contractor and a date earlier than the date of the passage of the ordinance does not show that the walk was constructed at that date, where another witness, who was the chief inspector of sidewalks, testified that the dates stamped upon sidewalks were frequently incorrect.

3. SAME—*when refusal to allow further time to obtain evidence is proper.* Refusal of the court to allow further time to the objectors to obtain evidence that a sidewalk was constructed prior to the passage of the improvement ordinance is proper, where the objectors fail to show that they had exercised any degree of diligence to obtain such evidence.

4. SAME—*when amount involved falls within maxim de minimis non curat lex.* Where the objectors' proportionate share of the cost of the portion of a sidewalk improvement to which the objections are directed does not exceed $5, whereas their total assessment is over $1200 and the total cost of the improvement exceeds the sum of $27,000, the amount objected to falls within the maxim *de minimis non curat lex.*

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

MASON BROS., (HENRY E. MASON, of counsel,) for appellants.

GEORGE A. MASON, and EUGENE H. DUPEE, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from the judgment of the county court of Cook county confirming a special assessment levied under the provisions of the Local Improvement act of 1897 for the purpose of constructing a cement sidewalk upon certain streets situated in the city of Chicago.

The improvement ordinance provided for the construction of a sidewalk at three street intersections. On the trial the appellants objected to confirmation on the ground that the improvement ordinance was unreasonable in this: that the sidewalk at said three street intersections had been built and was in existence and in good repair at the time the improvement ordinance was passed. To sustain said objection the appellant called a witness who testified that he saw said street intersections in September, 1908, some two years after the improvement ordinance was passed, and that he found stamped in the sidewalk at each of said street intersections the figures "1905" and the name of the contractor, whereupon appellee called a witness who testified that he was chief inspector of sidewalks in the city of Chicago, and that he had observed that the date stamped by contractors in sidewalks constructed in the city of Chicago was frequently not the true date of their construction. The appellants then asked for further time to obtain evidence that the sidewalk at the said street intersections was constructed prior to the date of the passage of the improvement ordinance. The court declined to give further time to obtain evidence and overruled appellants' objections and rendered judgment of confirmation.

There is no statute pointed out requiring a contractor to stamp in the sidewalk constructed by him the true date upon which the sidewalk was constructed, and appellants in their reply brief say they do not rely upon a statute. The presumption is that the officers of the city spreading the assessment did their duty, and the burden of proof was upon the appellants to establish the invalidity of the assessment. This they failed to do, as from the evidence it does not appear that the sidewalk at said street intersections was constructed prior to the passage of said improvement ordinance. The appellants failed to show that they had exercised any degree of diligence to procure evidence of the fact that said street intersections were constructed prior to the passage of said improvement ordinance. The court did not, therefore, err in declining to postpone the hearing of the case in order to give appellants time to procure such evidence. Neither does it appear from the evidence that the sidewalk at the street intersections which the witness testified he saw was constructed in accordance with the terms of the improvement ordinance.

It further appears that the total amount of the assessment roll was $27,045.59 and the amount assessed against the appellants' property was $1233.34, and that appellants' proportionate share of the cost of constructing the sidewalk at said street intersections would not exceed, in any event, the sum of five dollars. This amount is so small in proportion to the cost of the entire improvement and of the appellants' share of the cost of said improvement that we think it falls within the maxim *de minimis non curat lex.* *Chicago Consolidated Traction Co.* v. *Village of Oak Park,* 225 Ill. 9.

For the reasons stated we are of the opinion the county court did not err in overruling appellants' objections to the assessment and rendering judgment of confirmation.

The judgment of the county court will be affirmed.

*Judgment affirmed.*