THE CITY OF MARION, Appellant, *vs.* G. W. SISNEY *et al.*
Appellees.

*Opinion filed December 21, 1911.*

SPECIAL ASSESSMENTS—*estimate mentioned in section 10 must
be itemized as well as estimate mentioned in section 7.* The esti-
mate required by section 10 of the Local Improvement act to ac-
company the ordinance when presented by the board of local im-
provements to the city council must be itemized substantially the
same as the estimate required by section 7 of said act, and must
substantially conform to such estimate as the same was originally
made or as modified on the public hearing.

APPEAL from the County Court of Williamson county;
the Hon. W. F. SLATER, Judge, presiding.

W. W. SKAGGS, City Attorney, (HOSEA V. FERRELL,
and R. P. HILL, of counsel,) for appellant.

SAWYER & KIMMEL, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of
the court:

The county court of Williamson county sustained cer-
tain legal objections and dismissed the petition of the city
of Marion asking for the confirmation of an assessment
for paving certain streets. The city appeals.

The objections sustained stated that the estimates of the
engineer as to certain sidewalks, the description of material
for sewer pipes, combined curbs and gutters and false curbs
and gutters, and for several other items, did not comply
with the statute. The estimated cost of the entire improve-
ment was over $52,000, of which the portion objected to
composed a large part.

Counsel for the city concede that if the estimate which
must accompany the ordinance when presented by the board
of local improvements to the city council must be itemized

substantially the same as the estimate required by section 7 of the Local Improvement act, then the objections here in question were rightly sustained. They insist, however, that the estimate required under section 10 of that act need not set out the quality or kinds of material in such detail as required in the first estimate under section 7; that the reasons for setting out all these details in the first estimate, as stated by repeated decisions of this court, do not exist with reference to the other estimate; that if the ordinance contains sufficient details there is no necessity of having those details repeated in the estimate. This argument furnishes its own answer, for, carried to its logical conclusion, there would then be no necessity for any estimate to be part of the petition if the ordinance set out all the details required in that estimate. The wording of the statute as to the two estimates is practically the same. Section 7 provides that the estimate to be prepared for the board of local improvements and made a part of the resolution "shall be itemized to the satisfaction of said board." Section 10 states that "an estimate of the cost of such improvement, as originally contemplated, or as changed, altered or modified at the public hearing, itemized so far as the board of local improvements shall think necessary," shall be filed, together with the ordinance and recommendation. The first estimate has been held by this court to be a necessary part of the record of the resolution. (*Jones* v. *City of Chicago,* 213 Ill. 92, and cases cited.) Section 9 provides that the recommendation of the board "shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court, it shall not affect the validity of the proceeding, unless the court shall deem the same willful or substantial." Objectors claiming that the preliminary requirements of the statute have not been complied with must overcome the *prima facie* proof made by this recommendation of the board of local improvements. (*Yaggy* v. *City*

*of Chicago,* 192 Ill. 104; *Madderom* v. *City of Chicago,* 194 id. 572.) If, however, there was a substantial variance shown between the estimate and the ordinance it would defeat the confirmation of the assessment. (*City of Chicago* v. *Soukup,* 245 Ill. 634.) This court held, under the Local Improvement act as originally passed, that the estimate which accompanies the ordinance should conform to and be the same as the estimate made by the board of local improvements for the public hearing. (*City of Chicago* v. *Wilder,* 184 Ill. 397; *Berry* v. *City of Chicago,* 192 id. 154.) The decisions just cited also hold that while the estimate in the two sections must agree, it does not follow that they must bear the same date. It is plain, however, from the reading of these decisions, that it was intended to hold that one should be a substantial copy of the other. The law has since been amended so that the estimate as first made for the board of local improvements may be modified at the public hearing. Judged by the record before us, it appears that this case was heard in the trial court on the theory that the estimate attached to the petition was the same as the estimate made for the board of local improvements. Be that as it may, manifestly the legislature intended that the estimate required by section 10 should be substantially the same as that required by section 7, unless at the public hearing a change was made in the estimate, and then the estimate as finally adopted at the public hearing should substantially conform to the estimate attached to the petition filed in court.

The conclusion that we have reached makes unnecessary any discussion of the various points raised with reference to the estimate.

The judgment of the county court must be affirmed.

*Judgment affirmed.*