# Ligon *v.* Roberts.

## *Assumpsit.*

(Decided April 8, 1915.   68 South. 319.)

1. *Landlord and Tenant; Lien; Matters Covered.*—Where a landlord seeks to enforce his lien by attachment, he has the burden of proving that the items of the account were advances within the statute conferring the lien. (Section 4734, Code 1907.)

2. *Same; Attachment; Discharge.*—The fact that on a motion to discharge the attachment, pro tanto, issued to enforce a landlord's lien, the court allowed the plaintiff to go to the jury on certain items, is not an adjudication on the merits that such items were advances within the purview of section 4734, Code 1907.

3. *Same; Scope.*—Under section 4734, Code 1907, a landlord has no lien for a small sum of money given to the tenant for an undisclosed purpose.

4. *Same; Advances.*—Charges for professional medical services are not within the purview of the statute conferring a landlord's lien where it does not appear that such visits were made to the tenant, his family or his laborers.

5. *Appeal and Error; Review; Trivialities.*—As the law does not concern itself with trivialities, a judgment will not be disturbed for error in a twenty cents item.

APPEAL from Cleburne Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Assumpsit by J. H. Ligon against F. O. Roberts. Insufficient judgment for plaintiff, and he appeals. Affirmed.

Transferred from the Court of Appeals under section 6, Acts 1911, p. 450.

The bill of particulars reads as follows: "Balance from 1912, $3.60. April 1913, by cash, $6.40. April 7th to check 1st National Bank, $150. Interest on same, $12. May 2, to cotton seed, 11 bushels, $4.40. Three visits as physician in January at $2.50 per visit, $7.50. April 28, medicine, 20c."

MERRILL & WALKER, for appellant.

S. W. TATE, and JOHNSON & MCMAHON, for appellee..

MCCLELLAN, J.—The appellant, as landlord, commenced this action by attachment to enforce his lien for advances alleged to have been made to the tenant, appellee. The defendant conceded his liability for $4.40, the value of cotton seed furnished him by the plaintiff landlord, and the judgment for the plaintiff gave effect to only this item of the plaintiff's claim.

(1, 2) Upon demand of the defendant, the plaintiff furnished a bill of particulars, listing eight items as the basis of his claim against the defendant. The report of the appeal will contain these items. The defendant moved the court to discharge the levy of the attachment pro tanto as to each separate item on the list; on the ground, in substance, that the several items were not such charges as were enforceable under the right of attachment given the landlord to recover for *advances* made as provided by Code, § 4734 et seq. After the full examination of the witnesses offered, being the parties litigant, the court sustained the motion as to all of the items except that for $150 and for $12 interest on that sum and for the $4.40, the value of the cotton seed furnished. Thereupon the main trial was entered upon and had, resulting in a verdict and judgment for the plaintiff for $4.40 and the costs of the suit.

As we view the case made by the record, the extended assortment of pleading, after the amended complaint, is not necessary to be considered. The burden of proof was, of course, upon the plaintiff to show obligations on the tenant to pay for *advances,* of the kinds defined in section 4734, made by the plaintiff landlord to the tenant.

On the evidence, presented on the main trial, as to the item of $150 and of $12 the jury found against the

[Ligon v. Roberts.]

plaintiff. Their theory doubtless was that the larger sum—the other lesser item being an incident thereto merely—was a loan of money by the plaintiff to the defendant without the purview of the statutes giving landlord's liens for *advances*. If the jury accepted the defendant's testimony instead of the plaintiff's, the conclusion was justified thereby. The contention of the plaintiff that the ruling on the motion to discharge the levy pro tanto and to strike the several items on the bill of particulars, as before stated, effected to *finally* adjudicate the right of plaintiff to recover as upon the two items of $150 and $12, cannot be approved. That ruling by the court was on a preliminary motion only, and not on the merits, and finally concluded neither party. Such appears to have been the plaintiff's view at the time, for he proceeded without objection to represent, on the trial before the jury, his evidence bearing on these two items.

(3) The next item of $6.40 was not established. The plaintiff himself testified on the hearing of the motion that he let the defendant have that sum "after he rented the land. He did not tell me what he wanted with it." Obviously this testimony did not bring the item within the influence of the definition of advances made by the governing statutes. Unless it could be assumed that plaintiff would have testified differently had he been examined as to this item on the main trial, he was denied nothing due him in respect of this item. It would be manifestly unfair to the plaintiff to so assume.

(4) The plaintiff testified in chief, on the main trial, to this effect in regard to the items for medical services: "The professional visits that I made to Mr. Roberts' were on June the 16th, 17th, and 18th. I charged $2.50 for each visit."

To whom these visits were made is not shown by the plaintiff. If it is assumed that medical attention to the

[Ligon v. Roberts.]

tenant or to his family, or to his laborers, is *advances* under the statutes, the evidence for the plaintiff, given on the hearing of the motion or on the main trial, or both, does not show that such services were rendered the tenant, the tenant's family, or the tenant's laborers; non constat, if rendered pending the tenancy, they were performed for some one else at the defendant's residence located on other lands than those rented from plaintiff.

Besides, it is plain that the ruling on the motion to discharge did not in fact preclude plaintiff from introducing evidence touching the matter of the asserted medical services.

(5) The only other item is that of 20 cents for medicines. The plaintiff does not appear to have testified on the main trial in respect of this item. In any event, this matter is too insignificant to invite the notice of the court in this case. "De minimis non curat lex."— *Slaughter v. First Nat'l Bank,* 109 Ala. 157, 161, 19 South. 430.

There is no prejudicial error in this record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.