The City of Chicago, Appellee, *vs.* Frederick L. Wells *et al.* Appellants.

*Opinion filed June 22, 1916—Rehearing denied October 11, 1916.*

1. Special assessments—*when statute as to method of proving ordinances and date of publication does not apply.* Section 4 of article 5 of the Cities and Villages act, providing that ordinances and the dates of their publication may be proven by the certificate of the clerk, does not apply to the proving of the publication of a proposed ordinance in the proceedings of the city council or board of trustees before action is taken thereon.

2. Same—*party claiming that proposed ordinance was not published a week before passage must prove such claim.* A property owner who claims that a proposed ordinance was not published in the proceedings of the city council at least one week before action was taken thereon has the burden of proving his claim, and in the absence of any competent evidence on the subject it will be presumed to have been so published.

3. Same—*publication of a proposed improvement ordinance in council proceedings is not jurisdictional.* The publication of a proposed improvement ordinance in the council proceedings for at least one week before action is taken thereon, as required by section 11 of the Local Improvement act, is not essential to the jurisdiction of the subject matter by the county court on application to confirm the assessment.

Appeal from the County Court of Cook county; the Hon. John H. Williams, Judge, presiding.

John M. Blakeley, for appellants.

Harry F. Atwood, and Harry F. Hamlin, (Samuel A. Ettelson, Corporation Counsel, of counsel,) for appellee.

Mr. Justice Carter delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county overruling certain objections and entering judgment of confirmation as to a special assessment levied and assessed by the city of Chicago under an ordinance for paving portions of South Kedzie avenue. The sole question

raised in the briefs is as to the sufficiency of the proof of publication of the ordinance, as required by section 11 of the Local Improvement act. Appellants waived on the record all controversy as to other questions.

The estimated cost of the improvement as made by the engineer and reported by the board of local improvements to the city council was $104,500. Said section 11 of the Local Improvement act provides that if the estimated cost of the improvement shall exceed $100,000 "such ordinance shall be referred to the proper committee, and published in the proceedings of the council or board of trustees, in the usual way, in full, with the recommendation and estimates, at least one week before any action shall be taken thereon by the council or board of trustees." (Hurd's Stat. 1913, p. 415.) Counsel for the appellants argues that the proof offered by him showed that this ordinance was published only six days before it was passed by the city council,— that is, on June 9, 1914, while the ordinance was passed on June 15, 1914. Counsel for the city insist, on the other hand, that the proof shows that the ordinance was published on May 25. The only proof offered by either counsel on this question was the printed minutes of the council proceedings certified to by the city clerk. Counsel for both sides assume that the time when this proposed ordinance was published may be proven by the printed minutes of the proceedings of the city council, under section 4 of article 5 of the Cities and Villages act, providing that ordinances and the date of their publication may be proven by the certificate of the clerk, and when printed in book or pamphlet form, purporting to be published by authority of the city council, the same need not otherwise be published, and that such book or pamphlet shall be received as evidence of the legal publication of such ordinance. (Hurd's Stat. 1913, p. 276.) This section was in no way intended to cover the subject of the method of proving the ordinary proceedings of the city council but only the ordinances and

publication thereof, and they could only be proved, under this section, in the manner therein provided, when they were printed in book or pamphlet form by authority of the city council. The printed council proceedings introduced by both parties were not a printed book or pamphlet of ordinances, as provided in said section. No attempt was made by either party to make proof in any other way as to the time when this ordinance was published. We find, therefore, no competent proof in the record by either party as to the time when this proposed ordinance was published before its passage. The question of such publication did not go to the jurisdiction of the court as to subject matter and could therefore be waived. (*Fisher* v. *City of Chicago,* 213 Ill. 268.) The burden of proof was upon the objectors to show non-compliance with the requirements preliminary to the passage of the improvement ordinance. (*Yaggy* v. *City of Chicago,* 192 Ill. 104; *McVey* v. *City of Danville,* 188 id. 428.) The burden has been held to be on the objector to show that the city had not acquired title to land on which to construct a sewage pumping station. (*City of East St. Louis* v. *Davis,* 233 Ill. 553.) Objections not urged and proved by counsel are considered waived. (*Village of Oak Park* v. *Swigart,* 266 Ill. 60; *Fisher* v. *City of Chicago, supra; Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384.) The presumption is that the officers of a city, in passing a local improvement ordinance, performed their duty, and the burden is upon the objector to show the contrary. *City of Chicago* v. *Wilshire,* 238 Ill. 317; *Chicago Telephone Co.* v. *Northwestern Telephone Co.* 199 id. 324; *Dragovich* v. *Iroquois Iron Co.* 269 id. 478, and cases cited.

There being no competent proof in the record that the ordinance was not published before its passage, the trial court properly overruled the objection on this question.

The judgment of the county court will be affirmed.

*Judgment affirmed.*