## WEINSTEIN v. CITIZENS' BANK OF LEX-INGTON, TENN. (6 Div. 551.)

(Supreme Court of Alabama. April 26, 1917.)

**1. PARTNERSHIP ☞212—ACTION ON NOTE—SUFFICIENCY OF COMPLAINT—EXECUTION.**

Complaint showing that note sued on was executed for defendant partnership by one partner sufficiently alleged execution by signing partner for himself, the other partner, and the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 404–407, 410, 414.]

**2. BILLS AND NOTES ☞464 — PLEADING — SETTING OUT INSTRUMENT.**

In holder's action on note, plea containing blind reference to payee's breach of a contract with maker was demurrable for failing to set out the instrument in hæc verba or according to its legal effect.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1446, 1447–1450; Pleading, Cent. Dig. § 54.]

**3. PLEADING ☞187—MODE OF OBJECTION — DEMURRER.**

In action by holder of a note, objection to pleas alleging payee's breach of a contract with maker should have been raised by demurrer, instead of repeating in replication the facts alleged in complaint as to bona fide purchase of note.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 400.]

**4. APPEAL AND ERROR ☞1040(15) — HARM-LESS ERROR — OVERRULING DEMURRER TO REPLICATION.**

Although a replication was disorderly in repeating allegations of complaint, error in overruling demurrer thereto was harmless, where it sufficiently answered the plea and raised a meritorious issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4103, 4105.]

**5. BILLS AND NOTES ☞486 — ACTION BY HOLDER — REPLICATION TO PLEA OF NON EST FACTUM.**

In action by holder of a note, replication repeating allegations of complaint as to bona fide purchase was no answer to plea of non est factum.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1565–1574.]

**6. APPEAL AND ERROR ☞1040(15) — HARM-LESS ERROR — OVERRULING DEMURRER TO REPLICATION.**

Error in overruling demurrer to replication to plea of non est factum in action by holder of note *held* harmless, in view of defendant's admission that he signed the note.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4103, 4105.]

**7. PARTNERSHIP ☞203—DEATH OF DEFEND-ANT—ACTION ON PARTNERSHIP NOTE.**

The death of one defendant partner sued on a partnership note was sufficient reason for abating the suit as to him, while continuing it against the other defendants.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 375.]

**8. APPEAL AND ERROR ☞926(1)—RECEPTION OF EVIDENCE — NOTE ALLEGED TO HAVE BEEN ALTERED.**

Admission in evidence of note sued on, the manner of its claimed alteration not being shown, will not call for reversal, since the court might have found that there was no foundation for the objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3735.]

**9. BILLS AND NOTES ☞537(1) — UNCONTRO-VERTED EVIDENCE — AFFIRMATIVE CHARGE FOR PLAINTIFF.**

Where note sued on was in evidence without countervailing proof, plaintiff was entitled to affirmative charge.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862, 1871–1875, 1891–1893.]

Appeal from Law and Equity Court, Walker County; T. L. Sowell, Judge.

Assumpsit by the Citizens' Bank of Lexington, Tenn., against L. Weinstein, surviving partner, etc. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

See, also, 13 Ala. App. 552, 69 South. 972.

The several counts of the complaint declare as follows:

Plaintiff claims of defendant the sum of $300 due by their promissory note executed and payable to the American Manufacturing Company at Lexington, Tenn., which said note was executed by defendant on May 4, 1911, and payable as follows: In sums of $50 each, payable two, three, four, five, six, and seven months after date, respectively, which said sums, with interest thereon, are due and unpaid. And plaintiff avers that said notes were duly transferred by the American Manufacturing Company to plaintiff for a valuable consideration before maturity, and is now the property of plaintiff.

By amendment, to each count the following was added:

Plaintiff avers said notes were purchased by plaintiff from the American Manufacturing Company for a valuable consideration, before maturity, and in due course of business, and without notice of any defense thereto.

By further amendment it is averred that said note was payable to the order of the American Manufacturing Company at Lexington, Tenn., that plaintiffs are the owners and holders of said notes, and that plaintiff purchased said note from the American Manufacturing Company for a valuable consideration before maturity in good faith in due course of business, and without any notice or knowledge of any defense thereto or against the same, and plaintiffs aver that the American Manufacturing Company, the payee of said note, indorsed, transferred, and delivered said note to plaintiff.

The following are the pleas referred to:

(3) "The American Manufacturing Company, mentioned in the complaint is indebted to defendants in the sum of $500 for the breach of the condition of a bond or agreement made by said American Manufacturing Company on May 12, 1911, payable to defendants in the sum of $500, with the condition that in consideration of an order which defendants caused to be sent to the American Manufacturing Company for a piano contest, said American Manufacturing Company, guaranteed that the merchandise sales of defendant would be increased $7,000 for the 12 months following the execution of said bond or agreement, over the sales for the 12 months next preceding the execution of said bond or agreement. And defendant says that the condition of said bond or agreement has been broken by the American Manufacturing Company in this: The merchandise sale of defendants was not so increased as provided in

said bond or agreement, and defendant here offers to set off the above amount against the claim of defendant." Plea 4 in legal effect is practically the same as plea 3, except that they say there was a guarantee of an increase in the sale, and that said guarantee or warranty was broken in the manner set out in plea 3.

L. D. Gray and Charles R. Wiggins, both of Jasper, for appellant. McGregor & McGregor, of Jasper, for appellee.

SAYRE, J. [1] There was no error in overruling the demurrers to the several counts of the complaint. There was no uncertainty as to the party by whom the note in suit was executed. The amended counts allege, in effect, that the note was executed for the defendant partnership, Weinstein Bros., by L. Weinstein, one of the defendants named as trading under that firm name. This showed with sufficient certainty that the note in suit was executed by L. Weinstein for himself, for his copartner E. Weinstein, and for Weinstein Bros., a firm composed of L. Weinstein and E. Weinstein.

[2] The demurrers to the pleas numbered 3 and 4 were properly sustained on the ground assigned, in substance, to them, viz. that they contained a blind reference to a piano contest agreement on an alleged breach of which the pleas counted, but which was not set out in hæc verba nor according to its legal effect.

[3-6] It is to be conceded, that there was technical error in overruling the demurrer to the plaintiff's (appellee's) second replication to defendant's (appellant's) several special pleas other than 3 and 4. The replication, showing facts that made plaintiff a purchaser for value before maturity and in due course, was none the less a good answer to those pleas which set up secret defenses because it repeated the allegations of the amended complaint. The objection to these pleas that they were no answer to plaintiff's case as a purchaser for value in due course should have been taken by demurrer, but nevertheless the facts averred in the replication answered the averments of the pleas. The pleading was disorderly (Slaughter v. First Nat. Bank of Montgomery, 109 Ala. 157, 162, 19 South. 430), but it raised a meritorious issue, and therefore did defendant no harm of which he can be heard to complain. As for pleas 6 and 7, special pleas of non est factum, the special replication was no answer to them, and for this reason there was technical error, as we have said, but the undisputed facts showed that the ruling on the demurrer to the replication was harmless to defendant in this respect also. Defendant admitted on the witness stand that he had signed the note described in the complaint. His plea of non est factum was predicated upon the fact that when signed the note was attached to a piano contest contract, to which, however, it was not attached when offered in evidence. But the contract, which had been attached and which

too had been signed by defendant, was offered in evidence and not disputed, and it contained an express authority to the payee in the note, plaintiff's indorser, to detach the note. Defendant equivocated to some extent as to his knowledge of the meaning of the contract, but he testified to no facts going to show that his signature had been procured by fraud, or that for any reason whatever he should not be bound by the terms of the contract into which he had entered voluntarily. On the whole record, then, we say no harm resulted to defendant from the ruling on the second replication.

[7] Pending the suit the defendant E. Weinstein died. This appears to be a sufficient reason for abating the suit as to him while continuing it against the other defendants. Jones v. Engelhardt, 78 Ala. 505.

[8] Defendant objected to the introduction of the note in evidence on the ground that it had been altered. If the note was altered, the manner of its alteration is not shown, though the objection intimates that the several dates of payments had been changed. The court overruled the objection. For aught we know the court upon inspection of the note determined that there was no foundation in fact for the objection taken against the note, and, of course, in these circumstances we cannot say there was error.

[9] Plaintiff's note was in evidence without countervailing proof of any kind. Plaintiff was therefore entitled to the general affirmative charge which it got.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.