A. DOYKOS & T. PAPPAS, INC. *vs.* HAROLD A. LEVENTHAL
& another.

Suffolk. March 5, 1935. — April 3, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Equity Jurisdiction,* Accounting. *Interest. Equity Pleading and Practice,* Decree, Appeal, Costs.

In a suit in equity for an accounting brought after the defendant had rendered to the plaintiff an incomplete and inaccurate accounting upon demand by him, interest on the amount found due to him from the defendant was allowable from the date of such accounting rather than from the date of the filing of the bill.

An error of forty-two cents in the computation of interest in making up a final decree in a suit in equity ordering the defendant to pay the plaintiff a certain sum could have been corrected in the trial court upon seasonable application by the defendant, and an appeal by him from the decree based on that error was vexatious; the principle *de minimis non curat lex* was applicable upon the appeal.

In the circumstances, this court deemed that an appeal by the defendant from the final decree in a suit in equity, raising only questions pertaining to the interest allowed upon a sum which the decree ordered the defendant to pay the plaintiff, was taken merely for delay, and the decree was affirmed with double costs to the plaintiff.

BILL IN EQUITY, filed in the Superior Court on June 1, 1934, and afterwards amended, described in the opinion.

A final decree was entered by order of *Whiting,* J., after hearing of the suit and order for decree by *Gray,* J. The defendants appealed.

*J. J. Fox, Jr., & H. A. Leventhal,* for the defendants, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an appeal from a final decree in a suit in equity. In substance and effect the suit is for an accounting against the defendants as liquidating agents of the plaintiff. The trial judge entered an order for a decree specifying the amounts due from the defendants to the plaintiff. No evidence is reported. His findings must be

accepted as final. The final decree was in conformity to these findings. Manifestly it is within the scope of the bill.

An incomplete and inaccurate accounting was rendered by the defendants to the plaintiff on February 16, 1934. It clearly appears that that accounting was rendered after demands by the plaintiff. Interest was rightly allowable from the date of that accounting rather than from the date of the filing of the bill. There is no merit in the appeal on these aspects of the case.

The defendants contend that a mistake of forty-two cents was made in reckoning interest in making up the final decree. As matter of arithmetical calculation, this contention seems to be sound. It appears upon the face of the final decree. If any error was made, it was a mistake in computation which the defendants might have had corrected if seasonable application had been made therefor even after the entry of the final decree. *Thompson* v. *Goulding,* 5 Allen, 81, 82. *Kingsley* v. *Fall River,* 280 Mass. 395, 398, and cases cited. *Prenguber* v. *Agostini,* 289 Mass. 222, 223. Moreover, the power of the Superior Court to correct clerical errors in its records is ample. *Karrick* v. *Wetmore,* 210 Mass. 578, 579. *Webb* v. *Cohen,* 280 Mass. 292, 293. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 275. *Bryer* v. *American Surety Co.* 285 Mass. 336, 338. In these circumstances it was a vain and vexatious procedure to put the plaintiff and the public to the expense of an appeal to this court.

This is a proper case for the application of the maxim that the law does not deal with trivialities when no substantial right is involved. *De minimis non curat lex.* *Adams* v. *Frothingham,* 3 Mass. 352, 363. *Brewer* v. *Tyringham,* 12 Pick. 547, 549. *Workman* v. *Worcester,* 118 Mass. 168. *Sears* v. *Mayor & Aldermen of Worcester,* 180 Mass. 288. *Slaughter* v. *First National Bank of Montgomery,* 109 Ala. 157, 161. *Chicago* v. *Wilshire,* 238 Ill. 317, 319. *London & Northwest American Mortgage Co.* v. *Gibson,* 77 Minn. 394, 398–399. *Crook* v. *Rindskopf,* 105 N. Y. 476, 484. *McKone* v. *Metropolitan Life Ins. Co.* 131 Wis. 243, 249. The case at bar is quite distinguishable from

*Boyden* v. *Moore*, 5 Mass. 365, 371–372; *Pickett* v. *Brecken-
ridge*, 22 Pick. 297; *Chenery* v. *Stevens*, 97 Mass. 77, 83;
and *Shaheen* v. *Hershfield*, 247 Mass. 543, where although
the amount involved was small there was a substantial
right at stake and not merely a petty slip in computation
susceptible of correction by simple methods.

Plainly the appeal could not have been taken by the
defendants for the correction of so insignificant an error as
to interest. The expense of prosecuting the appeal in
amount would far exceed the mistake in interest. The
appeal appears to have been taken merely for delay. The
plaintiff is entitled to double costs. G. L. (Ter. Ed.)
c. 211, § 10. The defendants are not entitled to costs.
*Fratta* v. *Rossetti*, 277 Mass. 98, 101.

*Decree affirmed with double costs.*