American Sanitary Rag Company, Appellee, v. Henry Dry, Sidney Dry, and Dry and Company, Appellants.

Gen. No. 45,482.

Opinion filed April 9, 1952. Released for publication April 25, 1952.

ALTHEIMER, KABAKER, LIPSON & NAIBURG, all of Chicago, for appellants; ISAAC B. LIPSON, of Chicago, of counsel.

ARVEY, HODES & MANTYNBAND, of Chicago, for appellee; GEORGE L. SIEGEL, and HENRY J. SHAMES, both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed its complaint for injunction and accounting against defendants to restrain the alleged violation of negative covenants in a written agreement between the parties and for damages arising out of such violation. No proof was heard, but the decree appealed from, in favor of plaintiff, was entered upon the pleadings. The sole question presented upon this appeal is whether the answer of the defendants contains sufficient admissions of fact to support the decree.

The complaint alleges, *inter alia,* that in the agreement dated September 3, 1948, a copy of which is attached to the complaint and made an exhibit (except for the schedule of customers), defendants agreed they would not solicit sales or deal with customers of the plaintiff whose names are set forth in the schedule attached to said agreement, in connection with clean wipers, wash rags, wash bags, cheesecloth or other wiping or dusting materials; that the agreement would not apply to any person, firm or corporation, its successors or assigns, who purchased any such material from the signatories to the agreement, or any of them, during the period of two years prior to January 1, 1948; that the agreement was to continue for a period of three years from the date thereof and be in force only as to the customers set forth in the list attached to said agreement; that defendants have solicited sales, sold to and dealt with plaintiff's customers whose names are set forth in the schedule attached to said agreement, in connection with clean wipers, wash rags, wash bags, cheesecloth or other wiping or dusting materials, although such customers have not purchased such materials from the persons signing said agreement or any of them for two years prior to January 1, 1948; that such solicitation and sales have occurred with respect to the following customers at or about the dates set

forth after their respective names: Kamen Wiping Materials Corporation, March 30, 1949; Sanatex Wiping Rag Company, April–May, 1949; Inland Steel Company, May, 1949; Wiping Materials Company, November, 1949; that plaintiff is informed and believes and upon such information and belief avers that defendants have solicited sales, sold to and dealt with customers of plaintiff in addition to those above set forth, but plaintiff has no knowledge or information as to the extent of such solicitation and sales by defendants, such information being within the knowledge of the defendants and not the plaintiff; that defendants will continue to do so unless restrained by the court; and that the full extent of the violation of said agreement by defendants can be ascertained only upon discovery and an accounting herein.

Defendants in their answer admitted selling soiled wiping rags to Kamen Wiping Materials Company but alleged the material could not be used for wiping except after cleaning and processing, and that it was not a violation of the contract; that as to Sanatex Wiping Rag Company defendants sold wiping materials to said company in the year 1947 and therefore the contract did not apply to said company; that as to Inland Steel Company the sale was made within the two-year period prior to January 1, 1948, and therefore the contract did not apply; that as to the Wiping Materials Company defendant sold to said company merchandise aggregating $1060.09, of which "probably one-half consisted of wiping materials"; that the volume of defendants' business over the period of years covered by the contract was in excess of $1,000,000 per year; that an accounting involving the 800 names appearing on the list of customers attached to the contract, if taken, would involve the examination of invoices, books and records so numerous and voluminous that the undertaking would be laborious and expensive and wholly

out of proportion to the damages which plaintiff could have sustained from the sales admitted in the answer.

Based upon the essential averments in the pleadings above set forth, the decree found:

"Notwithstanding their agreement as aforesaid, the defendants, and each of them, for and on behalf of Dry & Company, have solicited sales, sold to and dealt with customers of the plaintiff, whose names are set forth in the schedule attached to said agreement, in connection with clean wipers, wash rags, wash bags, cheese cloth and other wiping or dusting materials, although such customers have not purchased any such materials from the persons signing said agreement, or any of them, for the period of two years prior to January 1, 1948. The full extent of the violation of said agreement by the defendants can be ascertained only upon an accounting herein."

The decree enjoined the defendants "from soliciting sales, selling to or dealing with customers of plaintiff, whose names are set forth in the schedule attached to the agreement dated September 3, 1948 (a copy of which, except for the schedule of customers, is attached to the complaint herein as Exhibit 1), . . . provided that this injunction shall not apply as to any person, firm or corporation, its successors or assigns, who have purchased any such materials from the signatories to said agreement, or any of them, for the period of two years prior to January 1, 1948; . . . that an accounting be taken of the damages . . . and that the Court retains jurisdiction for such accounting."

██ The list of customers, which was made a part of the contract by specific reference as Exhibit A, was not attached to the complaint and was not before the court when the court entered its decree. The court could not know from anything appearing in the pleadings what customers were on the list, except the names of the four companies set forth in the complaint, and then only by

inference that such four customers were on the list. As to the first three the answer created an issue of fact, either that the materials could not be used for the purpose prohibited by the contract or that such materials had been sold within the two-year period preceding the contract. As to the fourth name, Wiping Materials Company, to which the answer admitted there was a sale, the amount involved (namely, $500 in volume of sale and less than $100 in possible damages to plaintiff) would fall within the doctrine of *de minimis non curat lex. City of Chicago v. Wilshire,* 238 Ill. 317, 319. *Smith Oil & Refining Co. v. Department of Finance,* 371 Ill. 405, 408. Equity should not direct an accounting where so little an amount appearing in the pleadings is involved, particularly when there is no charge in the complaint that a demand for an accounting had been made before the filing of the action or that such a demand, if made, would be futile.

In *Patterson v. Northern Trust Co.,* 170 Ill. App. 501, the court said:

''A demand and refusal to account are necessary to be alleged and proved in order to maintain such a suit.''

To the same effect is *Kennicott v. Leavitt,* 37 Ill. App. 435.

In the absence of proof, the finding in the decree above set forth is not sufficiently supported by any averments in the complaint or by any admissions in the answer. The contract by its terms having already expired, there no longer need be considered the effect of the injunctional order, nor is there any apparent need for any future injunctive relief.

The decree is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*

KILEY, P. J. and LEWE, J., concur.