GUISEPPE DELISIO & another *vs.* JOSEPH E. CATALDO & others.   May 8, 1958.   This is a suit to reach and apply toward the satisfaction of a judgment against the defendants Joseph E. and his wife Frances Cataldo the house and land at 78 Locust Street, Winthrop, recorded in the name of the said Frances as trustee for her daughter Dorothy Simonini.   G. L. (Ter. Ed.) c. 214 § 3 (9). The report of a master was confirmed and the exceptions of the plaintiffs were overruled by an interlocutory decree.   It appears that this real estate was conveyed to Frances Cataldo by deed of the Lynn Five Cents Savings Bank on May 1, 1942, for the sum of $5,200.   Her mother, Anna Bolino, paid the bank $500 in cash and the bank took back a mortgage for $4,700. It was intended that Mrs. Bolino should own the property.   See *Collins* v. *Curtin,* 325 Mass. 123.   On the following day Mr. and Mrs. Cataldo conveyed the property to Mrs. Bolino and thereafter it was occupied by Mrs. Bolino, the Cataldos and their daughter Dorothy.   On November 1, 1947, Mrs. Bolino conveyed the property to Frances to hold in trust for Dorothy. Monthly payments for taxes and for principal and interest on the mortgage were made by Mrs. Bolino and Dorothy until September 27, 1948, when the mortgage was discharged.   Other expenses for maintenance and operation were paid by Dorothy.   The plaintiffs' exceptions to the master's report related to his subsidiary findings of fact, which, on request by the plaintiffs, were reported.   They were properly overruled.   The final decree dismissing the bill, from which the plaintiffs appealed, is affirmed, to be modified, however, by providing for the establishment and payment of the judgment.   The defendants are entitled to costs.

The case was submitted on briefs.

*James Zafarana,* for the plaintiffs.

*Salvatore E. Aloisi,* for the defendants.


PEARL NATHANSON *vs.* H. HENRY YOUNG & others.   May 12, 1958.   This is a bill in equity to establish the indebtedness of the defendants H. Henry Young, Gilbert Young and John D. Sullivan to the plaintiff and to reach and apply the interest of those defendants in certain personal property.   The evidence is not reported but the judge filed a memorandum of findings and order for decree which he adopted as a report of material facts.   Upon an order from this court the judge filed an amendment to his report of material facts.   He caused a final decree to be entered adjudging the amount due the plaintiff from the defendants above mentioned.   This suit comes here upon an appeal from that decree.   There was no error.   In his findings of material facts originally and as amended the judge found that at the time of trial there was due to the plaintiff on a note originally in the sum of $7,279 dated July 16, 1955, the sum of $2,494 and on a note originally in the sum of $4,000 dated July 16, 1955, the sum of $3,832.13.   He also found no fraud, misrepresentation or deceit.   He further found that the evidence was insufficient to warrant the relief prayed for against Gertrude F. Young, the Associated Finance of Boston Inc., and the Brighton Auto Sales, Inc., the other defendants, and ordered the bill dismissed as to them.   No evidence having been reported, the findings of the judge must be accepted as final.   The final decree was substantially in conformity with the scope of the bill.   *A. Doykos & T. Pappas, Inc.* v. *Leventhal,* 290 Mass. 375, 376.   No question of mathematical errors in the amounts adjudged to be due the plaintiff in the decree has been raised so we do not consider such a question.   The appeal is a frivolous one and the decree is affirmed with double costs to the plaintiff.

*Israel Bernstein,* for the defendant H. Henry Young, submitted a brief.

*Charles M. Rosenfelt, (Monto Rosenthal* with him,) for the plaintiff.