NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1062

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 526599

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this G. L. c. 30A appeal from a Sex Offender Registry Board (SORB or the board) classification proceeding, the petitioner, John Doe No. 526599, argues that the board erred in classifying him as a Level 1 sex offender. Before the hearing examiner, the petitioner argued that his index offense -- a conviction in United States District Court for the District of Rhode Island for violation of 18 U.S.C. § 2421 (transportation of a person for purposes of illegal sexual activity) -- did not qualify as a "sex offense" for the purposes of the Massachusetts sex offender registry statute, G. L. c. 6, § 178C. On appeal to this court, the petitioner's argument has shifted somewhat: he contends that in the hearing examiner's decision, the hearing examiner failed to identify a Massachusetts sex offense that was a "like violation," Doe, Sex Offender Registry Bd. No. 151564 v.

Sex Offender Registry Bd., 456 Mass. 612, 615-616 (2010) (Doe No. 151564), to the petitioner's Federal conviction, and thus that the board lacks "jurisdiction" over the petitioner.

We are not persuaded. General Laws c. 6, § 178C, defines "sex offense" in detail; a "sex offense" is any one of a long list of Massachusetts crimes, but also includes "a like violation of the laws of . . . the United States." Id. There is no question that the petitioner's Federal offense is a "like violation" to the Massachusetts crime of "human trafficking," G. L. c. 265, § 50, which is listed as a "sex offense" in § 178C. 18 U.S.C. § 2421 punishes (1) knowingly, (2) transporting any individual, (3) in interstate or foreign commerce, (4) with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense. Similarly, the elements of c. 265, § 50, include (1) knowingly, (2) transporting (among other statutorily enumerated means), (3) another person, (4) to engage in commercial sexual activity. See Commonwealth v. Fan, 490 Mass. 433, 448 (2022). The offenses are thus "like violations," and on this record we can decide the "like violation" question as a matter of law. See Doe No. 151564, 456 Mass. at 615-616 ("A 'like violation' is a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in

2

Massachusetts.  The elements of the offense in another jurisdiction need not be precisely the same as the elements of a Massachusetts sex offense in order for it to constitute a 'like violation'"); Doe, Sex Offender Registry Bd. No. 36870 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 246, 251-252 (2019). Indeed, the petitioner concedes that his crime is a "like violation" to the Massachusetts human trafficking crime.

The petitioner argues, however, that in deciding that the petitioner had committed a "like violation," the hearing examiner did not cite c. 265, § 50, and accordingly, that we may not rely upon c. 265, § 50 as the "like violation" to affirm the board's classification.  And, the petitioner urges, the statute that the hearing examiner did rely upon as a "like violation," G. L. c. 272, § 2, does not qualify as a like violation because the elements of c. 272, § 2 are materially different than those of 18 U.S.C. § 2421.  The petitioner accordingly argues that the board failed to establish its "jurisdiction," and that the proceedings must be dismissed.

We disagree.  As indicated, there is no question that, as a result of his Federal conviction, the petitioner committed a like violation to G. L. c. 265, § 50, and is therefore a "sex offender" under § 178C.  The petitioner works in Massachusetts and because he meets the definition of a sex offender, is required to register with the board.  803 Code Mass. Regs.

3

§ 1.05(1) (2016).  The board thus has "jurisdiction" -- that is, the power to act -- with respect to the petitioner.  Under the circumstances, this court is not obliged to dismiss these proceedings even assuming the hearing examiner, in his decision, identified an inapt Massachusetts statute as the "like violation."[1]  The "law cares not for trifles," Wisconsin Dep't of Revenue v. William Wrigley, Jr., Co., 505 U.S. 214, 231 (1992) (quotation omitted), nor do we rest decisions on grounds that lack in substance.  See A. Doykos & T. Pappas, Inc. v. Leventhal, 290 Mass. 375, 376 (1935) ("the law does not deal

---

[1] The petitioner invokes the general principle that a reviewing court may not affirm an agency's action based upon a ground that was not advanced by the agency.  We do not question the general principle, but we deem it inapplicable in the particular circumstances, where we can decide the question as a matter of law (indeed, it is conceded), and where a remand would serve no practical purpose.  United Food Corp. v. Alcoholic Beverages Control Comm'n, 375 Mass. 238, 245 (1978) (where "there is no real doubt that the [agency] upon a remand would [reach same result]" such "that remand would be merely a waste of time," the court may affirm the agency).

4

with trivialities when no substantial right is involved.  De minimis non curat lex").

Judgment affirmed.

By the Court (Englander, Hand & Brennan, JJ.[2]),

*Paul Little*

Assistant Clerk

Entered:  March 6, 2024.

---

[2] The panelists are listed in order of seniority.